**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6791

LORENZO PAYTON,

          Plaintiff -Appellant,

   v.

S. HOLCOMB, Albemarle Correctional Institution, Correctional Sergeant II; CORRECTIONAL OFFICER BAKER, Albemarle Correctional Institution; CORRECTIONAL OFFICER LOWDER, Albemarle Correctional Institution,

          Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:20-cv-00801-WO-LPA)

Submitted: October 23, 2024          Decided: January 6, 2025

Before GREGORY, RUSHING, and BERNER, Circuit Judges.

Remanded by unpublished per curiam opinion.

Lorenzo Payton, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Payton seeks to appeal the district court's order accepting the recommendation of the magistrate judge and granting summary judgment to Defendants on Payton's 42 U.S.C. § 1983 claims. Parties to a civil action are accorded 30 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). However, the district court may extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after the expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension. Fed. R. App. P. 4(a)(5); *see Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's final judgment was entered on June 28, 2024, and the appeal period expired on July 29, 2024. Payton filed his notice of appeal on August 9, 2024,[*] after the expiration of the 30-day appeal period but within the excusable neglect period. Because Payton's notice of appeal requested that the district court grant him a belated appeal, we construe the notice as a timely request for an extension of time to file an appeal. Accordingly, we remand the case for the limited purpose of allowing the district court to determine whether the time for filing a notice of appeal should be extended under Fed. R.

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Payton could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

App. P. 4(a)(5). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

3